IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| FAITH TECHNOLOGIES, INC. d/b/a SKC ELECTRIC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07-0723-CV-W-HFS |
| RLI INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Pending for an overly long time are cross-motions for summary judgment in an insurance claim against a Builders Risk insurer (RLI) by a subcontractor (Faith) on a construction job that was damaged and delayed by an explosion. Although a large payment had been made for other undisputed claims, RLI entirely denies liability under a "Soft Costs Endorsement" for supplemental losses suffered by Faith. Faith seeks partial summary judgment as to coverage (leaving damages for trial) and RLI seeks summary judgment that there is no coverage under the endorsement, on the claim as asserted. Essentially, both parties seek contract interpretation by the court. I conclude the Faith is overclaiming, but that coverage under certain provisions of the endorsement may be soundly asserted. Thus, summary judgment will be granted in some respects and denied in others.

An explosion occurred at a pork processing plant construction site in St. Joseph, Mo., on October 12, 2005, when Faith asserts its work was nearing completion, and would have been completed in about a month, absent the explosion. Faith's work was ultimately completed some three months late, in February, 2006. Losses of more than $900,000 are asserted under the Soft

Costs Endorsement, which is set forth in a two-page document, beginning at page 19 of Exh. A to the amended complaint.

Faith employed an expert to prepare a claim of loss, but without determining issues of coverage. Courville Dep. p. 134-5, Exh. A to Plaintiff's Motion for Partial Summary Judgment. He apparently compiled a calculation of all alleged losses to Faith resulting from the delayed completion and the increased complication of completion resulting from the explosion, in the same manner as consequential losses would be claimed in a suit against a wrongdoer. Faith has attempted to allocate the claimed losses to various categories specifically listed in the Soft Costs Endorsement. In doing so there has been a disregard of the express provision against any blanket coverage of "consequential damages." Exh. A, page 20 (exclusion of "any other consequential loss"). The recovery of necessary expenses caused by the explosion is expressly limited to eight categories "described below," which categories are more than illustrative. Exh. A, page 19. The covered costs "consist of" the eight categories and nothing more.

The first two categories are "additional interest payments" and "additional realty taxes and other assessments." Faith contends it was delayed in receiving payments on the project, and therefore lost interest otherwise receivable, and that other costs, unrelated to realty, and not imposed by outside authorities, can be described as "assessments." Both claims are clearly mistaken. Lost interest must be <u>paid</u>, which did not occur, and the so-called assessments are not the commonly understood charges on property meant by that term. Insureds are, under Missouri law, entitled to the benefit of the doubt when there are ambiguities, but lost receipts cannot be classified as

payments, and a strained and exotic meaning cannot be given to the term assessments in the context used.[1]

The lost opportunity to earn interest, because there was delay in payment to Faith, is a typical consequential loss, not recoverable under the endorsement because not listed therein. While consequential losses in general would fairly be due Faith from a wrongdoer negligently responsible for the explosion, they cannot be tacked on to the insurance policy in question.

To the extent the next five categories of costs are involved, they can probably be resolved under the principles noted. The 30-day deductible issue can best be resolved when specific coverage issues are determined.

The last item, listed as "h" in the exhibit, does create problems of classification and proof. It refers to "expediting expenses," further defined as "additional labor or overtime, transportation costs, storage expense, and the expense to rent additional equipment." Labor costs dominate this category, although "extended office rental cost" has been referred to in a deposition, as an example of a claim, where an on-site trailer may be rented. Courville Dep., p. 80, Exh. A to Plaintiff's Motion for Partial Summary Judgment. This would be recoverable if "additional" property were brought in to expedite the project but not otherwise. Simply paying more than the anticipated rent on a trailer already on site would be a consequential loss, and not covered.

---

[1] An internal assignment of overhead costs to a particular project cannot reasonably be treated as an "assessment" in common parlance. Ordinary and common terminology must be followed. American Economy Ins. Co. v. Jackson, 476 F.3d 620, 624 (8th Cir. 2007). The court should reject "unusual meanings, ripping them from the context that is the best guide to their meaning." Zurich Ins. Co. v. Amcor Sunclipse North America, 241 F.3d 605, 608 (7th Cir. 2001) (Easterbrook, J.).

Added labor costs for the purpose of "expediting" the completion of the project may be difficult to separate from added labor costs that simply result from the added complexity of the work resulting from the explosion. The endorsement requires disregarding the latter consequential damages while allowing the specified covered damages. Overtime payments for work on the project seem by definition to be an expediting expense, and to the extent that occurred after the explosion it should be recoverable.

Faith contends that it held on to its workforce previously on this construction job, even during a waiting period during a shutdown, because it concluded that experienced workers familiar with the job would be more efficient (and would thus expedite completion) than if the existing workforce were laid off or permanently transferred to other work. To the extent a fact-finder accepts this to be the controlling motivation, a claim for the continuing cost of labor not on the job (but with credits for mitigating service) would seem to be soundly asserted as an expediting cost. This motivation issue may present serious problems of proof, but the classification seems necessary.[2]

The parties agree that if there is recovery, the cost of preparing successful claims would be payable by RLI. On the present showing, some recovery seems likely, so this cost seems recoverable.

Defendant's motion for summary judgment (ECF doc. 26) is therefore DENIED in part and GRANTED in part, consistent with this opinion, and plaintiff's motion for partial summary judgment (ECF doc. 25) is therefore DENIED in part and GRANTED in part.

---

[2]The parties may recognize that it may be more feasible to submit the claim to arbitration, where somewhat sophisticated fact-finders may be available, rather than fumble with this and similar issues with a jury, subject to second-guessing by the judiciary. On the other hand, the guidance here may allow a negotiated settlement.

/s/ Howard F. Sachs  
HOWARD F. SACHS  
UNITED STATES DISTRICT JUDGE

February  19 , 2010

Kansas City, Missouri